# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL OJEDA AGUNDEZ, ET AL.,<br><br>Defendants. | Case No.: 20-CR-2509-JLS<br><br>ORDER CONTINUING MOTION HEARING/TRIAL SETTING AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |

The Court hereby FINDS AS FOLLOWS:

This matter is currently set for a motion hearing/trial setting on November 20, 2020 at 1:45 p.m. On March 17, 2020, the Chief United States District Judge of the Southern District of California entered an Order suspending jury trials and other proceedings scheduled to begin before April 16, 2020. Order of the Chief Judge ("OCJ") 18, Suspension of Jury Trials and Other Proceedings during the COVID-19 Public Emergency (March 17, 2020). OCJ 18 was amended and modified by OCJs 18-A and 22. On April 15, 2020, the Chief Judge extended OCJ 18 (as amended and modified) until May 16, 2020. On May 15, 2020, the Chief Judge entered an order extending the judicial emergency until June 15, 2020. OCJ 27. Although OCJ 27 loosened some of the restrictions on in-court proceedings, jury trials were not included in the proceedings that can be conducted at a judge's discretion. On June 11, 2020, the Chief Judge made

additional findings regarding the continued public health emergency and extended the judicial emergency until July 15, 2020. On August 26, 2020, the Chief Judge issued OCJ 36 which set forth a trial reopening plan, which allows jury trials to go forward but in limited capacity. Most recently, on November 17, 2020, the Chief Judge issued OCJ 49, which reiterated that "[m]any of the circumstances giving rise to the COVID-19 public emergency have not abated…." These Orders, which are hereby incorporated by reference, were imposed based on (1) the state of emergency declared in response to the spread of the coronavirus (COVID-19), (2) the restrictions on public gatherings recommended by the Centers for Disease Control and Prevention, (3) the lack of a quorum of grand jurors during the period of national emergency, and (4) restrictions on attorney visits imposed at the Metropolitan Correctional Center. In light of the public health restrictions and in order to protect public safety and prevent the spread of the COVID-19 outbreak, the Court declared a judicial emergency under 18 U.S.C. § 3174 and continued or suspended all jury trials, trial-specific deadlines and other criminal proceedings, including sentencings, supervised release revocation hearings, motion hearings, arraignments, plea hearings, misdemeanor bench trials, and all proceedings under Federal Rule of Criminal Procedure 5.1. Only recently, as referenced in OCJ 36, has the Court been able to set matters for jury trials in a limited capacity.

As of November 17, 2020, according to the Los Angeles Times' California coronavirus tracker[1], California is currently at or near an all-time high in the rolling 7-day average for new COVID-19 cases. San Diego County has a reported over 65,000 cases. The City of San Diego, where this federal courtroom sits, has reported over 25,000

---

[1] *Tracking the coronavirus in California*, available at https://latimes.com/projects/california-coronavirus-cases-tracking-outbreak/ (last visited June 22, 2020).

cases.[2] In both instances, these reported case numbers have exponentially increased since June 2020.

Given the grave public-health concerns discussed in OCJ 18 and its progeny, and as demonstrated by the continued increase in COVID-19 cases, the ends of justice served by a continuance in this case outweigh the best interest of the public and defendant in a speedy trial.

Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

Failure to continue the case would also likely put counsel, parties, witnesses, Court personnel and any jurors at unnecessary risk.

Due to the restrictions imposed by current public-health concerns it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the Court finds that there is good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 between November 20, 2020 and January 22, 2021.

THEREFORE, FOR GOOD CAUSE SHOWN:

The motion hearing/trial setting scheduled for November 20, 2020 at 1:45 p.m. is continued to January 22, 2021 at 1:45 p.m.

The time period of November 20, 2020 and January 22, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(B)(iv).

---

[2] *County of San Diego-Coronavirus Disease 2019 (COVID-19)*, available at https://www.arcgis.com/apps/opsdashboard/index.html (last visited November 17, 2020).

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

Dated: November 18, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge